IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Crossmann Communities of North Carolina, )<br>Inc.; Crossmann Communities, Inc.;           )<br>Beazer Homes Investment Corporation,     )<br>and Beazer Homes Corp.,                            )<br>                                                                  )<br>                         Plaintiffs,                       )<br>                                                                  )<br>         v.                                                      )<br>                                                                  )<br>Harleysville Mutual Insurance Company, )<br>                                                                  )<br>                         Defendant.                      )<br>_____)  | Civil Action No.: 4:09-cv-1379-RBH<br><br><br><br>**ORDER** (Temporarily Granting<br>Motions to Seal) |

    This matter comes before the court on the motions by Plaintiffs (hereinafter "Beazer") and Defendant to file certain documents under seal. [ECF No. 357 and 361]. Beazer has filed a Motion for Attorney's Fees in this coverage action and alleges that certain documents to be filed with the motion include confidential and proprietary information regarding the hourly rates and fee structures employed by King & Spalding, LLP and information concerning certain discounts negotiated with Beazer in this case. Beazer asserts that disclosure of this information may cause competitive harm to King & Spalding. The Defendant has filed a motion to seal in which it requests that "if this Court grants Beazer's Motion to Seal, then this Court should also permit Harleysville to file its Objection to Beazer's Motion for Attorneys' Fees under seal." (ECF No. 361, p. 2)

    The court has reviewed the Motions submitted in this matter. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motions to seal the requested attachments to Plaintiffs' Motion for Attorneys' Fees and the defendant's Objection to the Motion for Attorney's Fees on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order

temporarily grants the motions to seal. Any interested party who wishes to object to the permanent sealing of the documents at issue may file a notice of appearance and state its objections. In the event any objections are filed, the court will schedule a hearing on the motions to seal and hear the arguments of all parties. Should no objections be filed by December 19, 2013, the Court will consider converting the temporary order into a permanent order to seal.

    IT IS SO ORDERED.

December 5, 2013          <u>s/R. Bryan Harwell</u>
Florence, SC          United States District Judge